**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:  9:21-cv-81777**

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

SHOWROOM INTERIORS LLC dba VESTA, LEIBOWITZ REALTY GROUP, INC., TILLINGHAST HOLDINGS, LLC, LARRY A. ROSS, MICHAEL L. LEIBOWITZ, CAROUSEL ART GROUP INC, CORE DEVELOPMENT GROUP LLC, DOWNSVIEW WOODWORKING LIMITED dba DOWNSVIEW KITCHENS OF DANIA, INC., THE FAB SHOP CORP, NYP HOLDINGS, INC., and JDLA LANDSCAPE ARCHITECTURE, INC.

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendants SHOWROOM INTERIORS LLC dba VESTA, LEIBOWITZ REALTY GROUP, INC., TILLINGHAST HOLDINGS, LLC, LARRY A. ROSS, MICHAEL L. LEIBOWITZ, CAROUSEL ART GROUP INC, CORE DEVELOPMENT GROUP LLC, DOWNSVIEW WOODWORKING LIMITED dba DOWNSVIEW KITCHENS OF DANIA, INC., THE FAB SHOP CORP, NYP HOLDINGS, INC., and JDLA LANDSCAPE ARCHITECTURE, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1.      Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted Works of authorship.

2.      Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3.      Defendant SHOWROOM INTERIORS LLC DBA VESTA ("Vesta") is a high-end leader in interior design, custom furniture, and home staging.  Vesta was contracted to stage the home that was the subject of the Works at issue in this matter.

4.      Defendant LEIBOWITZ REALTY GROUP, INC. ("LRG") is a real estate brokerage in Florida who was the only party authorized to use the Works at issue in this case, specifically for an MLS listing.

5.      Defendant TILLINGHAST HOLDINGS, LLC ("Tillinghast") is the holding company for the builder of the house that was photographed by AAP in this matter, and subsequently distributed the photos without authorization.

6.      Defendant MICHAEL L. LEIBOWITZ ("Leibowitz") is a principal agent/broker at LRG.

7.      Defendant LARRY A. ROSS aka LAWRENCE A. ROSS ("Ross") is the manager of Tillinghast and the builder of the home that was photographed in this matter.

8.      Defendant CAROUSEL ART GROUP LLC ("Carousel") is an art service firm that was contracted to stage art in the home.

9.      Defendant CORE DEVELOPMENT GROUP LLC ("CDG") is a high-end construction and real estate development firm.

10.     Defendant DOWNSVIEW WOODWORKING INC. dba DOWNSVIEW KITCHENS OF DANIA, INC. ("Downsview") is a leading company in producing "the finest kitchen furnishings on the market." Upon information and belief, Downsview was a subcontractor in the construction of the home which is subject of the Works.

11.     Defendant THE FAB SHOP CORP. ("Fab") is a custom fabrication company who designed and built railings in the home which is subject of the Works.

12.     Defendant NYP HOLDINGS, INC. ("NYP") is the holding company for the New York Post tabloid newspaper.

13.     Defendant JDLA LANDSCAPE ARCHITECTURE, INC. ("JDLA") is a Florida architectural firm specializing in estate master planning, landscape architecture, estate gardens and outdoor lighting design.

14.     Defendants Vesta, LRG, Tillinghast, Leibowitz, Ross, Carousel, CDG, Downsview, Fab, NYP, and JDLA are collectively referred to herein as "Defendants."

15.     AAP alleges that Defendants copied AAP's copyrighted Works from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

16.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

17.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

18.     Defendants are subject to personal jurisdiction in Florida.

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and/or Defendants are subject to personal jurisdiction in this district through §48.193 of the Florida Statutes.

## DEFENDANTS

20.     Showroom Interiors LLC dba Vesta is a California limited liability company, with its principal place of business at 4900 E 50th Street, Vernon, California, 90058, and can be served by serving its Registered Agent, Paracorp Incorporated, 2804 Gateway Oaks Drive, Suite 100, Sacramento, California, 95833.

21.     Leibowitz Realty Group, Inc. is a Florida corporation, with its principal place of business at 4867 PGA Boulevard, Palm Beach Gardens, Florida, 33418, and can be served by serving its Registered Agent, Accretive Law PC, 4867 PGA Boulevard, Palm Beach Gardens, Florida, 33418.

22.     Tillinghast Holdings, LLC is a Florida limited liability company with its principal place of business at 340 Royal Poinciana Way, Suite 317-376, Palm Beach, Florida, 33480, and can be served by serving its Registered Agent, Mathison Whittles LLP, 5606 PGA Boulevard, Suite 211, Palm Beach Gardens, Florida, 33418.

23.     Michael L. Leibowitz is an individual residing in Palm Beach County, state of Florida, and can be served at 11516 Villa Vasari Drive, Palm Beach Gardens, Florida, 33418.

24.     Larry A. Ross is an individual residing in Palm Beach County, state of Florida, and can be served at 340 Royal Poinciana Way, Suite 1C, Palm Beach, Florida, 33480.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

25.     Carousel Art Group Inc. is a Florida corporation, with its principal place of business at 501 NE 31st Street, Unit 1501, Miami, Florida, 33137, and can be served by serving its Registered Agent, Philippe Horowicz at the same address.

26.     Core Development Group LLC is a New York limited liability company with its principal place of business at 185 East 85th Street, Suite M1, New York, New York, and can be served by serving its Registered Agent, The LLC, 50 Hill Street, Suite 525, Southampton, New York, 11968.

27.     Downsview Woodworking Limited dba Downsview Kitchens of Dania, Inc. is a Florida corporation with its principal place of business at 1855 Griffin Road, Suite C212, Dania, Florida, 33004, and can be served by serving its Registered Agent, Mr. Carl Abernathy at the same address.

28.     The Fab Shop Corp is a Florida corporation with its principal place of business at 4095 State Road 6, Suite L 138, Lake Worth, Florida, 33449, and can be served by serving its Registered Agent, Danielle T. Byrd, at the same address.

29.     NYP Holdings, Inc. is a New York corporation with its principal place of business located at 1211 Avenue of the Americas, New York, New York, 10036, and can be served at its business address.

30.     JDLA Landscape Architecture, Inc. is a Florida corporation with its principal place of business located at 13 Turtle Creek Drive, Apt D, Tequesta, FL 33469, and can be served at its business address.

## THE COPYRIGHTED WORKS AT ISSUE

31.     The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works."  Copies of the Works are

attached hereto as Exhibit 1.  Copies of the Registration Certificates are attached hereto as

Exhibit 2.

| **Copyright Title** | **Registration Number** | **Registration Issue Date** |
|---|---|---|
| 12251_Tillinghast_002 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_003 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_005 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_006 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_007 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_008 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_009 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_010 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_011 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_012 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_013a | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_014 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_021 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_022 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_025 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_026 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_027 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_028 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_030 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_031 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_034 | VA 2-222-311 | 9/29/2020 |

| Copyright Title | Registration Number | Registration Issue Date |
|---|---|---|
| 12251_Tillinghast_035 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_036 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_038 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_039 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_040 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_041 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_048 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_049 | VA 2-222-311 | 9/29/2020 |
| 12251_Tillinghast_060 | VA 2-222-311 | 9/29/2020 |

32.     At the time AAP created the Works, AAP applied copyright management information to the Works consisting of "©AAP 2020 all rights reserved" in the bottom left corner of each Work.

33.     AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

34.     At all relevant times AAP was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

35.     AAP was hired to photograph the luxury home of celebrity Elin Nordegren at 12251 Tillinghast Circle.

36.     LRG had a limited license to use the Works only for listing the property for sale on the MLS.

37.     Defendants Vesta, Tillinghast, Leibowitz, Ross, Carousel, CDG, Downsview, Fab, NYP, and JDLA have never been licensed to use the Works at issue in this action for any purpose.

38.     On a date after the Works at issue in this action were created, but prior to the filing of this action, LRG copied and distributed the Works to the other Defendants in this action.

39.     On or about December 8, 2020, AAP discovered the unauthorized use of its Works on the Vesta Website. Subsequently, AAP discovered the Works being displayed on various other websites, ostensibly by the distribution by LRG, Ross, Leibowitz, and Tillinghast.

40.     Vesta provided a contract to AAP's counsel indicating that Ross as the agent for Tillinghast conveyed rights to use the Works, which he had no authority to do.

41.     Defendants copied AAP's copyrighted Works without AAP's permission.

42.     After LRG copied the Works, they made further copies and distributed the Works to Vesta (Exhibit 4), Tillinghast, Leibowitz, Ross, Carousel (Exhibit 5), CDG (Exhibit 6), Downsview (Exhibit 7), Fab (Exhibit 8), NYP (Exhibit 9), and JDLA (Exhibit 10) to with each to promote the sale of goods and services as part of their respective businesses.

43.     Defendants copied and distributed AAP's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

44.     AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

45.     Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibits 4-10.

46.     AAP never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

47.     AAP notified Vesta of the allegations set forth herein on December 8, 2020. This notification led to the discovery of other infringers all stemming from the same source: LRG/Leibowitz and Tillinghast/Ross.  To date, the parties have failed to resolve this matter. Copies of the Notices to Vesta are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT (Against LRG)

48.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     AAP owns valid copyrights in the Works at issue in this case.

50.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51.     LRG copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

52.     LRG performed the acts alleged in the course and scope of its business activities.

53.     Defendants' acts were willful.

54.     AAP has been damaged.

55.     The harm caused to AAP has been irreparable.

## COUNT II
## COPYRIGHT INFRINGEMENT (Against Leibowitz)

56.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

57.     AAP owns valid copyrights in the Works at issue in this case.

58.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

59.     Leibowitz copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

60.     Leibowitz performed the acts alleged in the course and scope of his business activities.

61.     Leibowitz's acts were willful.

62.     AAP has been damaged.

63.     The harm caused to AAP has been irreparable.

COUNT III
**COPYRIGHT INFRINGEMENT (Against Ross)**

64.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

65.     AAP owns valid copyrights in the Works at issue in this case.

66.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

67.     Ross copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

68.     Ross performed the acts alleged in the course and scope of his business activities.

69.     Defendants' acts were willful.

70.     AAP has been damaged.

71.     The harm caused to AAP has been irreparable.

COUNT IV
**VICARIOUS COPYRIGHT INFRINGEMENT (Against Tillinghast)**

72.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

73.     AAP owns valid copyrights in the Works at issue in this case.

74.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

75.     Ross copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

76.     Tillinghast had the right and ability to supervise the infringing activities of Ross alleged herein.

77.     Tillinghast had a direct financial interest in the infringing activities alleged herein.

78.     As a result of Tillinghast's vicarious infringement as alleged above, Tillinghast obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

79.      AAP has been damaged.

80.     The harm caused to AAP has been irreparable.

COUNT V
**COPYRIGHT INFRINGEMENT (Against Vesta)**

81.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

82.     AAP owns valid copyrights in the Works at issue in this case.

83.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

84.     Vesta copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

85.     Vesta performed the acts alleged in the course and scope of its business activities.

86.     Vesta's acts were willful.

87.     AAP has been damaged.

88.     The harm caused to AAP has been irreparable.

## COUNT VI
## COPYRIGHT INFRINGEMENT (Against Carousel)

89.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

90.     AAP owns valid copyrights in the Works at issue in this case.

91.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

92.     Carousel copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

93.     Carousel performed the acts alleged in the course and scope of its business activities.

94.     Defendants' acts were willful.

95.     AAP has been damaged.

96.     The harm caused to AAP has been irreparable.

## COUNT VII
## COPYRIGHT INFRINGEMENT (Against Core)

97.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

98.     AAP owns valid copyrights in the Works at issue in this case.

99.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

100.    Core copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

101.    Core performed the acts alleged in the course and scope of its business activities.

102.    Core's acts were willful.

103.    AAP has been damaged.

104.    The harm caused to AAP has been irreparable.

COUNT VIII

**COPYRIGHT INFRINGEMENT (Against Downsview)**

105.    AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

106.    AAP owns valid copyrights in the Works at issue in this case.

107.    AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

108.    Downsview copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

109.    Downsview performed the acts alleged in the course and scope of its business activities.

110.    Defendants' acts were willful.

111.    AAP has been damaged.

112.    The harm caused to AAP has been irreparable.

COUNT IX
**COPYRIGHT INFRINGEMENT (Against Fab)**

113.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

114.     AAP owns valid copyrights in the Works at issue in this case.

115.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

116.     Fab copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

117.     Fab performed the acts alleged in the course and scope of its business activities.

118.     Fab's acts were willful.

119.     AAP has been damaged.

120.     The harm caused to AAP has been irreparable.

COUNT X
**COPYRIGHT INFRINGEMENT (Against NYP)**

121.     AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

122.     AAP owns valid copyrights in the Works at issue in this case.

123.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

124.     NYP copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

125.     NYP performed the acts alleged in the course and scope of its business activities.

126.     NYP's acts were willful.

127.    AAP has been damaged.

128.    The harm caused to AAP has been irreparable.

## COUNT XI
**COPYRIGHT INFRINGEMENT (Against JDLA)**

129.    AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

130.    AAP owns valid copyrights in the Works at issue in this case.

131.    AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

132.    JDLA copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

133.    JDLA performed the acts alleged in the course and scope of its business activities.

134.    JDLA's acts were willful.

135.    AAP has been damaged.

136.    The harm caused to AAP has been irreparable.

## COUNT XII
**INDUCEMENT OF COPYRIGHT INFRINGEMENT (Against LRG, Leibowitz, Ross, and Tillinghast)**

137.    AAP incorporates the allegations of paragraphs 1 through 47 of this Complaint as if fully set forth herein.

138.    AAP owns valid copyrights in the Works at issue in this case.

139.    AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

140.    AAP had licensed the Works to LRG with the specific and limited use of an MLS listing to sell the home.

141.   LRG, Leibowitz, Ross, and Tillinghast had no rights to copy and distribute the Works.

142.   LRG, Leibowitz, Ross, and Tillinghast made affirmative steps to foster infringement of third parties by distributing the Works to third parties, in an attempt to capitalize on the celebrity of the home photographed.

143.   LRG, Leibowitz, Ross, and Tillinghast distributed the Works knowingly without authorization to induce third parties to display the Works.

144.   LRG, Leibowitz, Ross, and Tillinghast's acts were willful.

145.   AAP has been damaged.

146.   The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff Affordable Aerial Photography, Inc. prays for judgment against the Defendants Showroom Interiors LLC dba Vesta, Leibowitz Realty Group, Inc., Tillinghast Holdings, LLC, Larry A. Ross, Michael L. Leibowitz, Carousel Art Group Inc, Core Development Group LLC, Downsview Woodworking Limited dba Downsview Kitchens of Dania, Inc., The Fab Shop Corp, NYP Holdings, Inc., and JDLA Landscape Architecture, Inc. that:

a.   Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.   Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

     c.       Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

     d.       Plaintiff be awarded pre- and post-judgment interest; and

     e.       Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 20, 2021           Respectfully submitted,

               */s/Joel B. Rothman*
               JOEL B. ROTHMAN
               Florida Bar Number:  98220
               joel.rothman@sriplaw.com
               CRAIG A. WIRTH
               Florida Bar Number:  125322
               craig.wirth@sriplaw.com

               **SRIPLAW**
               21301 Powerline Road
               Suite 100
               Boca Raton, FL  33433
               561.404.4350 – Telephone
               561.404.4353 – Facsimile

               *Counsel for Plaintiff Affordable Aerial Photography, Inc.*