IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:  9:21-cv-81777

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    Plaintiff,

v.

SHOWROOM INTERIORS, LLC, d/b/a VESTA,
et al.

    Defendants.
_____/

## TILLINGHAST HOLDINGS, LLC'S AND LARRY ROSS' MOTION FOR JUDGEMENT ON THE PLEADINGS

Defendants, Tillinghast Holdings, LLC ("Tillinghast") and Larry Ross ("Ross"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 12(c), hereby file their combined Motion for Judgement on the Pleadings, and in support thereof states as follows:

1.  On August 11, 2022, Plaintiff filed its First Amended Complaint, which asserts a claim of copyright infringement against Ross (Count III), vicarious copyright infringement against Tillinghast (Count IV), and inducement of copyright infringement against both Ross and Tillinghast (and two other Defendants) (Count XII).  [D.E. 76].

2.  Ross and Tillinghast filed their combined Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on August 18, 2022.  [D.E. 77].

3.  The instant Motion is premised upon Ross and Tillinghast's fifth, sixth and seventh Affirmative Defenses, each of which assert that Plaintiff has failed to state a claim against them for copyright infringement and inducement of copyright infringement.

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 2 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 2 of 15

4. As a result of Plaintiff's failure to state a valid claim against Ross and Tillinghast for copyright infringement and inducement of copyright infringement, Plaintiff's First Amended Complaint should be dismissed.

## BACKGROUND ON PLAINTIFF'S FIRST AMENDED COMPLAINT

In Plaintiff's First Amended Complaint, he alleges causes of action for copyright infringement and inducement of copyright infringement against ten different individuals and entities, two of which are Ross and Tillinghast.

In paragraph 31 of the First Amended Complaint, Plaintiff includes a table that lists 254 separate photographs and/or videos to which he is claiming copyright ownership and which form the basis of his infringement claims against each of the ten Defendants in the case. Although Plaintiff states in paragraph 31 that "[c]opies of the Registration Certificates are attached hereto as Exhibit 2," only one Registration Certificate – VA2-222-311 – is included in Exhibit 2 and not a single one of the 52 photographs is listed therein. [D.E. 76-2].

Plaintiff then details the alleged infringement by the ten Defendants in the case in paragraphs 35-47 of the First Amended Complaint, titled, "Infringement by Defendants." In paragraph 38, Plaintiff states, "On a date after the Works at issue in this action were created, but prior to the filing of this action, LRG copied and distributed the Works to the other Defendants in this action." Plaintiff alleges again in paragraph 42 that Leibowitz Realty Group, Inc. ("LRG") copied the works, "made further copies and distributed the Works to" the other Defendants, including Showroom Interiors LLC d/b/a Vesta, Ross and Tillinghast.

Other allegations made by Plaintiff against all Defendants in the case included:

> 39. On or about December 8, 2020, AAP discovered the unauthorized use of its Works on the Vesta Website. Subsequently, AAP discovered the Works being displayed on various other websites, **ostensibly by the distribution by LRG, Ross, Leibowitz, and Tillinghast**.

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 3 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 3 of 15

> 40. Vesta provided a contract to AAP's counsel indicating that Ross as the agent for Tillinghast conveyed rights to use the Works, which he had no authority to do.41. **Defendants copied** AAP's copyrighted Works without AAP's permission.
> 
> 41. **Defendants copied** AAP's copyrighted Works without AAP's permission.
> 
> 42. After LRG copied the Works, they made further copies and distributed the Works to Vesta (Exhibit 4), Tillinghast, Leibowitz, Ross, Carousel (Exhibit 5), CDG (Exhibit 6), Downsview (Exhibit 7), Fab (Exhibit 8), NYP (Exhibit 9), and JDLA (Exhibit 10) to with each to promote the sale of goods and services as part of their respective businesses.
> 
> 43. **Defendants copied and distributed AAP's copyrighted Works** in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.
> \* \* \*
> 
> 45. **Defendants committed copyright infringement of the Works** as evidenced by the documents attached hereto as Exhibits 4-10.
> \* \* \*
> 
> 47. AAP notified Vesta of the allegations set forth herein on December 8, 2020. This notification led to the discovery of other infringers all stemming from the same source: LRG/Leibowitz and Tillinghast/Ross. To date, the parties have failed to resolve this matter. Copies of the Notices to Vesta are attached hereto as Exhibit 3.

*See* First Amended Complaint [D.E. 76] (emphasis added).

Next, in Count III, paragraphs 64-71, Plaintiff asserts a claim of copyright infringement against Ross. Plaintiff's "substantive" infringement allegations against Ross merely allege that he willfully "copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501" while acting in the course and scope of his business." There are no further details in the First Amended Complaint regarding which specific works Ross copied, displayed or distributed; when, where or how Ross copied or displayed the works; when, where, how or to whom Ross distributed the works; or the nature of the derivatives of the works that Ross allegedly made, or whether the alleged derivatives were substantially similar to the original works, nor are there copies of the alleged derivatives

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 4 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 4 of 15

made by Ross attached to the Complaint. None of the exhibits attached to Plaintiff's First Amended Complaint shed light on these issues.

In Count IV, paragraphs 72-80, Plaintiff asserts a claim of vicarious copyright infringement against Tillinghast. Similar to Plaintiff's claims of copyright infringement against Ross, Plaintiff's "substantive" allegations against Tillinghast merely allege that its "agents/employees copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501." Again, there are no further details in the First Amended Complaint regarding which specific works Tillinghast's agents/employees copied, displayed or distributed; which agents and/or employees copied the works, displayed the works, distributed the works or made derivatives of the works; when, where or how they copied or displayed the works; when, where, how or to whom the agents/employees distributed the works; or the nature of the derivatives of the works that the agents/employees allegedly made, or whether the alleged derivatives were substantially similar to the original works, nor are there copies of the alleged derivatives made by the agents/employees attached to the Complaint. None of the exhibits attached to Plaintiff's First Amended Complaint shed light on these issues.

Lastly, in Count XII of the First Amended Complaint, paragraphs 137-146, Plaintiff asserts a claim of inducement of copyright infringement against four defendants at the same time, LRG, Leibowitz, Ross and Tillinghast. In this Count, Plaintiff alleges that LRG, Leibowitz, Ross and Tillinghast, "made affirmative steps to foster infringement of third parties by distributing the Works to third parties, in an attempt to capitalize on the celebrity of the home photographed," and that they "distributed the Works knowingly without authorization to induce third parties to display the Works." *See* id. at ¶ 142. There is no indication elsewhere in the First Amended Complaint regarding which specific works each of these four Defendants have induced infringement for; what

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 5 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 5 of 15

affirmative steps were taken by each of these defendants to foster the alleged infringement; the identity of any of the third parties that were induced to infringe upon Plaintiff's copyrights due to these Defendants' actions; where, when or how the Defendants distributed the works to induce these unknown third parties to infringe upon Plaintiff's alleged copyrights. None of the exhibits attached to Plaintiff's First Amended Complaint shed light on these issues.

## MEMORANDUM OF LAW

### I. RULE 12(c) STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for a judgment on the pleadings after the pleadings are closed, so long as it is made early enough not to delay trial. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings." *Andrx Pharms., Inc. v. Elan Corp.*, 421 F. 3d 1227, 1232 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (*citing Hawthorne v. Mac Adjustment, Inc.*, 140 F. 3d 1367, 1370 (11th Cir. 1998)). All material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1335 (11th Cir. 2014).

### II. DEFENDANTS' 7TH AFFIRMATIVE DEFENSE: PLAINTIFF'S FAILURE TO STATE CLAIMS FOR COPYRIGHT INFRINGEMENT AND INDUCEMENT OF COPYRIGHT INFRINGEMENT FOR THE FIRST 52 WORKS LISTED ON ITS PARAGRAPH 31 CHART.

According to 17 U.S.C. §411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. Accordingly, " 'Registration' of a copyright is a

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 6 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 6 of 15

precondition to filing suit for copyright infringement." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 856 F. 3d 1338, 1339 (11th Cir. 2017).

The First Amended Complaint appears to allege that Ross and Tillinghast infringed (Tillinghast vicariously) his copyright for 254 separate photographs and/or videos, all of which are listed on a chart in paragraph 31. Also included on the paragraph 31 chart are the Registration Numbers and Registration Issue Dates for each of the photographs and/or videos at issue in this litigation. The paragraph 31 chart is not numbered, however the first 52 works that appear on the list are named similarly: "12251_Tillinghast_[photo number]," and span 12251_Tillinghast_002 to 12251_Tillinghast_132. In paragraph 31, Plaintiff asserts that these 52 works were registered on September 29, 2020 and that the Registration Certificate Number is "VA 2-222-311."

However, a close review of Registration Certificate No. VA 2-222-311 reveals none of these 52 works are listed thereon. In fact, none of them are included on any of the Respiration Certificates attached to the First Amended Complaint.

Registration is a bright-line prerequisite to pursuing a claim for copyright infringement. *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1368 (11th Cir. 2011) (citations omitted). If a work is not registered, its owner's causes of action for the alleged infringement of the unregistered work must be dismissed. *Id.*

With regard to the first 52 works that appear on Plaintiff's paragraph 31 chart, 12251_Tillinghast_002 - 12251_Tillinghast_132, there is absolutely no indication on the record that: (1) Plaintiff, or anyone else for that matter, ever registered them with the Copyright Office; (2) that Plaintiff has a pending application with the Copyright Office to get them registered; or (3) that Plaintiff attempted to register them with the Copyright Office and the Office rejected the application. Under such circumstances, 17 U.S.C. §411(a) unambiguously requires dismissal of

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 7 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 7 of 15

Plaintiff's claims of copyright infringement against Ross (Count III); vicarious copyright infringement against Tillinghast (Count IV); and inducement of copyright infringement against both Ross and Tillinghast (Count XII) as they pertain to the first 52 works that appear on Plaintiff's paragraph 31 chart, 12251_Tillinghast_002 - 12251_Tillinghast_132.[1] *See id.*

### III. ROSS' AND TILLINGHAST'S FAILURE TO STATE A CAUSE OF ACTION IN COUNTS III, IV AND XII.

In Ross' and Tillinghast's Fifth and Sixth Affirmative Defenses to the First Amended Complaint, they contend Counts III, IV and XII must be dismissed for failure to state a cause of action due to: (1) Plaintiff's use of shotgun pleading; and (2) Plaintiff's bare bones, conclusory allegations that are without sufficient factual support.

#### A. Ross' and Tillinghast's 5th and 6th Affirmative Defenses: Shotgun Pleading requires dismissal of Counts III, IV and XII.

The First Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff cannot satisfy the notice-giving purpose of Federal Rule of Civil Procedure 8 by merely alleging facts that lump all defendants together. *See Joseph v. Bernstein*, No. 13-24355, 2014 WL 12600805, at *7 (S.D. Fla. Apr. 21, 2014) ("When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8."). A complaint must contain "factual allegations [that] give each defendant fair notice of the nature of the claim and the grounds on which the claim rests." *Id.* (*quoting George & Co. v. Alibaba.com*, 2011 U.S. Dist. LEXIS 143365, at *5 (M.D. Fla. Dec. 13, 2011) (internal quotation marks omitted)). In *Affordable Aerial Photography, Inc. v. Modern Living Real Estate,*

---

[1] Plaintiff does not specify in the First Amended Complaint whether the infringement claims he asserts against Ross and Tillinghast encompass these 52 works, however Ross and Tillinghast are pursuing an order dismissing claims pertaining to these 52 works in an abundance of caution.

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 8 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 8 of 15

*LLC,* 2019 U.S. Dist. LEXIS 132023, at *4-5 (S. Dist. Fla. Aug. 6, 2019) the Court succinctly explained shotgun pleading and why it is not permitted:

> The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading' that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings fail to make the connection between 'the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim].' *Wagner v. First Horizon Pharm. Corp*., 464 F.3d 1273, 1279-80 (11th Cir. 2006). Although not the quintessential form, the Complaint is nevertheless a shotgun pleading in that it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions . . . .*" Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

By indiscriminately grouping together the Defendants in its general allegations ("Infringement by Defendants," paragraphs 35-47); incorporating those general allegations into its claims for infringement against Ross (Count III), vicarious infringement against Tillinghast (Count IV), and inducement of infringement against both Ross and Tillinghast; including additional, bare bones, conclusory allegations within Counts III, IV and XII without any underlying factual support; and alleging a single count of inducement of infringement simultaneously against four defendants in Count XII, Plaintiff fails to sufficiently inform the Court, Ross or Tillinghast which allegedly infringing acts are attributable to each Defendant. *See Lane v. Capital Acquisitions & Management Co*., 2006 U.S. Dist. LEXIS 96422, at *15-16 (S.D. Fla. Apr. 13, 2006) (granting motion to dismiss where the complaint did not differentiate among the defendants and blanketly alleged violations against one collective "defendant," and noting the lack of a "factual basis to distinguish their conduct"); *see also Diamond Resorts Int'l, Inc. v. US Consumer Attorneys*, 2018 U.S. Dist. LEXIS 184880, at *3 (S.D. Fla. Oct. 26, 2018) ("[c]ourts in this district routinely dismiss complaints that 'lump' multiple defendants together, reasoning that such complaints violate Rule 8 for failing to attribute the necessary liability to each individual defendant").

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 9 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 9 of 15

Plaintiff's pleading defects permeate the First Amended Complaint and make it impossible to tell from its allegations or the Exhibits, the specific works of the 254 at issue that Ross and Tillinghast are accused of infringing or inducing infringement for as opposed to the rest of the Defendants in the action. Plaintiff also fails to "identify the acts through which [Ross and Tillinghast] each allegedly infringed upon Plaintiff's copyrights," or induced infringement of Plaintiff's copyrights. *See Affordable Aerial Photography, Inc.*, 2019 U.S. Dist. LEXIS 13203, at *5. Accordingly, dismissal of Counts III, IV and XII for failure to state a claim is necessary.

### B. Ross' 5th and 6th Affirmative Defenses: Plaintiff's conclusory allegations against Ross and Tillinghast in Counts III, IV and XII require their dismissal.

If a plaintiff fails to plead "enough facts to state a claim of relief that is plausible on its face," then their complaint must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). While Plaintiff need not provide detailed factual allegations, "it must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Temurian v. Piccolo*, No. 2019 U.S. Dist. LEXIS 67469, at *7 (S.D. Fla. Apr. 22, 2019) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, although the Court must accept the allegations in the First Amended Complaint as true, *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008), Plaintiff cannot simply "rest on 'naked assertions devoid of further factual enhancement,'" *Mejia v. Ocwen Loan Servicing, LLC*, 703 Fed. App'x. 860, 862 (11th Cir. 2017) (citations omitted). This tenet also "does not apply to legal conclusions, and courts 'are not bound to accept as true a legal conclusion

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 10 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 10 of 15

couched as a factual allegation.'" *Affordable Aerial Photography, Inc.,* 2019 U.S. Dist. LEXIS 132023 at *3 (quoting *Twombly*, 550 U.S. at 555 (other citations omitted)).

Because Plaintiff has not alleged sufficient factual support "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), its claims against Ross and Tillinghast in Counts III, IV and XII of the First Amended Complaint should be dismissed.

        **1. Failure to state a claim for copyright infringement against Ross in Count III.**

"To state a claim for direct copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Affordable Aerial Photography, Inc.,* 2019 U.S. Dist. LEXIS 132023 at *7 (quoting *Latele Television C.A. v. Telemundo Commc'ns Grp.*, LLC, 2013 U.S. Dist. LEXIS 43488, at *5 (S.D. Fla. Mar. 27, 2013)).

The First Amended Complaint is fatally deficient because it is devoid of any factual allegations that Ross copied, displayed, distributed or made derivatives of the works. Plaintiff alleges the existence of a contract in which Ross, as the agent of Tillinghast, purportedly conveyed to Defendant Vesta rights to use Plaintiff's works and alleges that Defendant LRG distributed the works to Ross, but there are zero allegations which state which works Ross allegedly copied, displayed, distributed or made derivatives of; how Ross copied, displayed, distributed or made derivatives of the works; where or to whom Ross displayed or distributed the works and when; and none of the alleged derivatives made by Ross are attached to or described in the First Amended Complaint. *See* First Amended Complaint [D.E. 75], ¶ 35-47, 64-71. Plaintiff also alleges that "Defendants committed copyright infringement of the Works as evidenced by the documents

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 11 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 11 of 15

attached hereto as Exhibit 4-10," however there is absolutely no indication in Exhibits 4-10 that Ross was the person even remotely responsible for the copyright infringement allegedly displayed in the Exhibits. *See* id., ¶ 45. Other allegations, such as, "AAP discovered the Works being displayed on various other websites, ostensibly by the distribution by LRG, Ross, Leibowitz, and Tillinghast," "Defendants copied and distributed APP's copyrighted Works…," and " Ross copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization," offer no insight into the specific acts or omissions by Ross that constitute infringement of Plaintiff's copyrighted works. *See* id., ¶ 39, 43 and 67.

Because the sparse factual allegations in Count III the First Amended Complaint fail to plausibly allege that Ross is responsible for infringing upon Plaintiff's copyrights, the Court should not "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As such, the claims in Count III should be dismissed for failure to state a claim upon which this Court can grant relief.

### 2. Failure to state a claim for vicarious copyright infringement against Tillinghast in Count IV.

Plaintiff's claim for vicarious infringement against Tillinghast in Count IV must also fail for the same reasons as Plaintiff's Count III. Plaintiff's conclusory allegation that "Ross and/or Tillinghast's agents/employees copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization," is not enough to constitute sufficient pleading of a claim for vicarious infringement. *See* Plaintiff's First Amended Complaint, ¶ 75. No insight is provided as to which specific employees or agents of Tillinghast committed infringement, what acts they committed which constitute infringement, or when or how said acts

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 12 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 12 of 15

were committed. Such "naked assertions," without "further factual enhancement" do not meet federal pleading requirements. *See Twombly*, 550 U.S. at 557.

Liability for vicarious infringement arises when one profits from direct infringement while declining to assert a right to stop it. *Affordable Aerial Photography, Inc.,* 2019 U.S. Dist. LEXIS 132023 at *7-8. "To state a claim for vicarious copyright infringement, a plaintiff must allege (1) 'the right and ability to supervise,' and (2) 'a direct financial interest' in the profits of the infringing activity. *Id.* at *8 (quoting *Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 F. App'x 833 (11th Cir. 2011)). The "right and ability to control" element requires "both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Venus Fashions, Inc. v. ContextLogic, Inc.*, 2017 U.S. Dist. LEXIS 155748, at *34 (M.D. Fla. Jan. 17, 2017) (quoting *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1108 (9th Cir. 2007)).

With regard to the right and ability to supervise element, Plaintiff merely states, "Tillinghast had the right and ability to supervise the infringing activities of Ross and/or Tillinghast's agents/employees alleged herein." *See* First Amended Complaint, ¶ 76. Without any allegations identifying the Tillinghast employees or agents that allegedly infringed upon Plaintiff's copyrights, or any additional underlying facts regarding this supervision allegation, Plaintiff has not plead any facts to support the inference Tillinghast had a responsibility to supervise these unidentified employees' or agents' or a right to stop their allegedly infringing acts (which are also not described) – let alone that Tillinghast declined to exercise that right. Because the Complaint is devoid of a factual basis permitting the Court to plausibly infer Tillinghast has any form of control or supervision over these unidentified employees and/or agents, one cannot arrive at the inference

Case 9:21-cv-81777-AMC   Document 78   Entered on FLSD Docket 09/02/2022   Page 13 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 13 of 15

that such a conclusion is plausible. *See Affordable Aerial Photography, Inc.,* 2019 U.S. Dist. LEXIS 132023 at *8.

As to direct financial interest, in the First Amended Complaint Plaintiff simply alleges in conclusory fashion, without more, that "Tillinghast had a direct financial interest in the infringing activities alleged herein." *See* First Amended Complaint, ¶ 77. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678. Plaintiff's failure to plead facts supporting a financial interest in the infringing materials is fatal to its claim. Plaintiff's failure to plead sufficient facts in support of its vicarious infringement claim against Tillinghast in Count IV requires its dismissal. *See Affordable Aerial Photography, Inc.,* 2019 U.S. Dist. LEXIS 132023 at *8.

### 3. Plaintiff fails to state a claim for inducement of copyright infringement against Ross and Tillinghast in Count XII.

Count XII of Plaintiff's First Amended Complaint is directed to four different Defendants at the same time – LRG, Leibowitz, Ross and Tillinghast.

Liability for inducement of copyright infringement arises when someone "distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. 913, 936-37 (2005). Plaintiff alleges that "LRG, Leibowitz, Ross, and Tillinghast made affirmative steps to foster infringement of third parties by distributing the works to third parties, in an attempt to capitalize on the celebrity of the home photographed" and that "LRG, Leibowitz, Ross, and Tillinghast distributed the Works knowingly without authorization to induce third parties to display the works." *See* First Amended Complaint [D.E. 76], ¶ 142-43. There are zero underlying facts plead by Plaintiff which detail the alleged affirmative steps taken by either Ross

Case 9:21-cv-81777-AMC Document 78 Entered on FLSD Docket 09/02/2022 Page 14 of 15

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 14 of 15

or Tillinghast – beyond alleged distribution to *unidentified* third parties (without more) – to induce infringement of Plaintiff's copyrights.

Neither Plaintiff's general allegations nor its allegations specific to Count XII provides "factual content that allows the court to draw the reasonable inference that the [defendants are] liable for the misconduct alleged," inducement of copyright infringement. *See Iqbal*, 556 U.S. at 678. Consequently, Count XII must be dismissed for failure to state a cause of action.

## IV.  CONCLUSION

Plaintiff's First Amended Complaint fails to plead sufficient facts to state a claim for copyright infringement against Ross (Count III); vicarious copyright infringement by Tillinghast (Count IV); or inducement of copyright infringement by either Ross or Tillinghast (Count XII). Ross and Tillinghast, therefore, respectfully request that the Court enter an Order dismissing Plaintiff's claims against Ross and Tillinghast Counts III, IV and XII, as well as any further relief that the Court deems appropriate and just.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of Tillinghast Holdings, LLC's and Larry Ross' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was electronically filed in and served via electronic mail through the CM/ECF Filer upon: Craig Anthony Wirth, Esq., SRipLaw 21301 Powerline Rd., Suite 100, Boca Raton, FL 33433, craig.wirth@sriplaw.com (*Counsel for Plaintiff*) on September 2, 2022.

Respectfully submitted,

*s/ John R. Whittles*
JOHN R. WHITTLES
Florida Bar Number 0178802
ELIZABETH F. OLDS
Florida Bar Number 109942

*Affordable Aerial Photography, Inc. v. Showroom Interiors, LLC, d/b/a Vesta, et al.*
Case Number: 9:21-cv-81777
Page 15 of 15

MATHISON WHITTLES, LLP
5606 PGA Blvd., Suite 211
Palm Beach Gardens, Florida 33418
Tel.: (561) 624-2001
Fax: (561) 624-0036
([jwhittles@mathisonwhittles.com](mailto:jwhittles@mathisonwhittles.com))
([ablair@mathisonwhittles.com](mailto:ablair@mathisonwhittles.com))
*Attorneys for Defendants, Tillinghast and Ross*