IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 9:21-cv-81777

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    Plaintiff,

v.

SHOWROOM INTERIORS, LLC, d/b/a VESTA,
et al.

    Defendants.
_____/

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, Tillinghast Holdings, LLC ("Tillinghast") and Larry Ross ("Ross") (collectively, "Defendants"), by and through undersigned counsel, hereby file their Motion for Partial Summary Judgment pursuant to Fed.R.Civ.P. 56 against Plaintiff, Affordable Aerial Photography, Inc. ("AAP") and, in support, state as follows:

### Introduction and Procedural Posture

The central focus of this copyright infringement action are 254 photographs taken of a private residence located in Palm Beach Gardens, Florida (the "Works"). AAP is a Florida corporation, whose sole shareholder, Robert Stevens, is a real estate photographer. Tillinghast and Ross are alleged to have infringed upon AAP's 254 photographs for commercial purposes without a license to do so.

AAP filed its First Amended Complaint [D.E. 74-1] on August 8, 2022, which asserts causes of action for copyright infringement against Ross (Count III), vicarious copyright infringement against Tillinghast (Count IV), and inducement of copyright infringement against both Ross and Tillinghast (Count XII).

For all claims alleged against Ross and Tillinghast, the First Amended Complaint seeks statutory damages pursuant to the Copyright Act, 17 USC § 504(c), as well as attorney's fees pursuant to 17 USC § 505, for the alleged infringement of the Works.

In this Motion, Tillinghast and Ross will demonstrate that no genuine issue of material fact exists as to the disallowance of statutory damages and attorney's fees for all of AAP's claims against Tillinghast and Ross based upon 192 of the 254 Works at issue, pursuant to 17 USC § 412(2), because the alleged infringement of said works occurred after they were first published and before their effective date of registration, and their registration was not within the first three months after the first publication of the works.

**Statement of Undisputed Facts**

1. The Works at issue for which AAP alleges infringement on behalf of Ross and Tillinghast which are the subject of this Motion are listed in a chart in paragraph 31 of the First Amended Complaint, on pages 7 through 16. *See attached hereto as Exhibit "A,"* the chart of the Works from AAP's First Amended Complaint, ¶ 31, pgs. 7-16, with the February 2021 works highlighted in pink, orange, blue, green and yellow.

2. In total, 254 Works are listed on the paragraph 31 chart and they can be separated into three categories: (1) 52 works registered on September 29, 2020 via Copyright Registration Certificate No. VA 2-222-311 (the "September 2020 Works"); (2) 192 works registered on February 5, 2021 via Copyright Registration Certificate No. VA 2-247-343 (the "February 2021 Works"); and (3) 10 works registered on various dates via various Copyright Registration Certificates spanning July 15, 2015 through March 26, 2020 (the "Miscellaneous Works").[1]

---

[1] There is a proposed Second Amended Complaint that has yet to be approved by the Court. [D.E. 81-9]. The difference between the paragraph 31 chart that appears in the First Amended Complaint and the proposed Second Amended Complaint's paragraph 31 chart pertains to the September 2020 Works (different photo titles, 57 Works listed instead of 52), which has no effect on the relief requested herein. The paragraph 31 charts in the First Amended

3. According to the February 2021 Works' Copyright Registration Certificate [D.E. 76-11], they were published in June 2020 and registered with the United States Copyright Office on February 5, 2021. *See attached hereto as Exhibit "B,"* Copyright Registration Certificate No. VA 2-247-343 (the highlighted colors on the Registration Certificate match the corresponding highlighted colors in Exhibit A, the paragraph 31 chart of the Works).

4. Allegedly infringing activities attributed to Ross and/or Tillinghast in this matter pertaining to the February 2021 works are:

    a. Juan Pozuelo's September 16, 2020 email to John Walsh of JDLA Landscape Architecture, Inc. ("JDLA") enclosing a dropbox link to the February 2021 Works; and

    b. Juan Pozuelo's September 16, 2020 email to Danielle Byrd of The Fab Shop Corp. ("Fab Shop") enclosing a dropbox link to the February 2021 Works.

*See attached hereto as Exhibit "C,"* and *"D" respectively,* Declaration of Craig A. Wirth [D.E. 81-1], ¶ 2, 3 and Exhibit 2 thereto; and Mr. Pozuelo's 9.16.20 Email to Ms. Byrd.

5. There is no indication on the record that either Ross or Tillinghast committed any infringing activities associated with the February 2021 Works in or prior to June 2020, or that Ross committed any infringing activities involving the February 2021 Works at any time.

## Memorandum of Law

**A. The Standard for Summary Judgment.**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact" and is now properly entered "against a party who fails to make a sufficient showing to

---

Complaint and the proposed Second Amended Complaint are identical with regard to the February 2021 Works and the Miscellaneous Works.

establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial." Celotex *Corp. v. Catrett*, 477 U.S. 317 (1986).

In *Celotex*, the U.S. Supreme Court held the burden is not on the moving party "to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof" *Celotex*, 477 U.S. at 325. "Instead. . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the [trial] court—that there is an absence of evidence to support the nonmoving party's case." *Id*. In other words, it is appropriate to grant summary judgment where the plaintiff lacks sufficient evidence at the summary judgment stage—regardless of whether the movant can come forward with any of its own evidence. *Celotex*, 477 U.S. at 323 ("[w]e find no express or implied requirement . . .that the moving party support its motion with affidavits or other similar materials negating the opponent's claim."). Importantly, "[i]f the evidence is merely colorable. . . or is not significantly probative . . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal citations omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24.

**B. AAP is Not Entitled to Statutory Damages or Statutory Attorney's Fees for Any Alleged Infringement of the February 2021 Works.**

In a copyright infringement action, statutory damages and attorney's fees are only available to a plaintiff who timely registers their works with the United States Copyright Office prior to the commencement of an infringement lawsuit. 17 U.S.C. § 412. If timely registered, the Copyright Act provides the owner of a copyright the option to elect a statutorily-set range of possible damages rather than the laborious task of proving-up actual damages. 17 U.S.C. § 505; *see also Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) (recognizing § 505 "costs" include attorney's fees).

However, neither of these exceptional remedies are available to a plaintiff if the copyright owner delays filing for a certificate of registration. Section 412 of the Act provides:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412(2) (2021). Congress' purpose in implementing 17 U.S.C. § 412 was to incentivize timely registration of copyrights and deny "the 'extraordinary' remedies of statutory damages and attorney's fees where registration is not promptly made." *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533 (E.D.N.Y. 1988).

In the Eleventh Circuit, a "plaintiff copyright owner must have registered the copyright prior to the infringement in order to obtain statutory damages." *Cable/Home Commc'ns Corp. v. Network Productions, Inc.*, 902 F. 2d 829, 850 (11th Cir. 1990); *accord M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990).

The alleged instances of infringement attributed to Tillinghast and Ross by AAP stem from emails containing links of the Works. With regard to the February 2021 Works, there is no indication on the record that Mr. Ross ever sent an individual or entity links to the February 2021 Works.

As to Tillinghast, there are only two emails on the record which enclosed links to the February 2021 works, both sent by Juan Pozuelo on September 16, 2020, one to John Walsh and another to Danielle Byrd.[2]

---

[2] AAP is attributing the actions of Mr. Pozuelo to Tillinghast, alleging that he was its agent and/or employee. Ross and Tillinghast continue to deny this allegation.

While Tillinghast makes no concession as to the agency of Juan Pozelo, even when viewing the facts in the light most favorable to AAP, statutory damages and attorney's fees are disallowed in this case for any allegedly infringing acts committed by Mr. Pozelo based upon the February 2021 Works.

Assuming, *arguendo*, that Juan Pozelo was an agent of Tillinghast, there is no question that:

1. According to the Copyright Certificate of Registration No. VA 2-247-343, the February 2021 Works were published in June of 2020;

2. Juan Pozuelo's alleged infringing activities (emails to Mr. Walsh and Ms. Byrd) occurred after February 2021 works were published, on September 16, 2020;

3. The registration of the February 2021 Works was not made within three months of their being first published in June 2020, as they were registered eight months later on February 5, 2021; and

4. There is no indication on the record that Juan Pozuelo or any alleged agent/employee of Tillinghast ever committed any acts of copyright infringement of the February 2021 Works during or before June 2020.

*See* Registration Certificate No. VA 2-247-343; Mr. Pozuelo's 9.16.20 emails to Mr. Walsh and Ms. Byrd.

Pursuant to the plain and unambiguous wording of 17 U.S.C. § 412(2), AAP cannot obtain the exceptional remedies of statutory damages and attorneys' fees provided by 17 U.S.C. §§ 504(c) or 505 for any potential liability incurred by Ross and/or Tillinghast as a result of the February 2021 Works. The alleged instances of copyright infringement (Juan Pozuelo's two September 16, 2020 emails) commenced after first publication of the work (June 2020) and before the effective

date of the works' registration (February 5, 2021), and said registration was not made within three (but eight) months after the first publication of the work. *See* 17 U.S.C. § 412(2).

Accordingly, Ross and Tillinghast are entitled to partial summary judgment on the issues of attorneys' fees and statutory damages for the February 2021 Works.

### C. Because AAP is Not Entitled to Statutory Damages, Allegations of Willfulness are Irrelevant.

AAP is not entitled to allege any willfulness conduct issues or pursue willfulness discovery because its sole remedy is actual damages provided for under § 504(b), for which willful conduct is irrelevant. *Engenium Solutions, Inc. v. Symphonic Techs., Inc.*, 924 F. Supp. 2d 757, 790 (S.D. Tex. 2013) ("willfulness is not a requirement in an infringement action . . . willfulness is relevant to statutory damages").

The actual damages section of the Copyright Act, § 504(b), does not allow for a willfulness damages enhancement. 17 U.S.S. § 504(b). Instead, the damages are measured by the plaintiff's actual damages (i.e., lost revenue from licensing) and the alleged infringer's profits. *Id*. Under the Copyright Act's civil damages provisions, the term "willful" occurs only within the confines of statutory damages under 504(c). Stated differently, when a plaintiff is limited to actual damages by operation of § 412, willfulness is irrelevant, and only matters when an award of statutory damages is permissible. *S. Credentialing Support Servs., L.L.C., v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780, 783 (5th Cir. 2020).

As such, because AAP is not entitled to statutory damages, facts going to willfulness are irrelevant and partial summary judgment on the willfulness issue should be entered in Tillinghast and Ross' favor.

## CONCLUSION

The undisputed facts on the record demonstrate that the alleged infringement of the February 2021 Works commenced after they were first published in June 2020 and prior to the effective date of the copyright registration, which was more than three months after the February 2021 works were published (eight months after).

Consequently, pursuant § 412(2), AAP is not entitled to either statutory damages under § 504(c) or statutory attorney's fees under § 505 for any alleged infringement of the February 2021 Works. Additionally, willfulness under 504(c) is irrelevant, and AAP may not attempt to allege willfulness or pursue willfulness related discovery for the February 2021 Works.

WHEREFORE Plaintiffs, Tillinghast Holdings, LLC and Larry Ross, request the entry of an Order: (1) granting the instant Motion for Partial Summary Judgment in its entirety, (2) entering partial summary judgment in Ross' and Tillinghast's favor and against AAP holding that AAP is not entitled to either statutory damages or attorney's fees under 17 U.S.C. §§ 504(c) and 505 for any alleged infringement of the February 2021 Works; and (3) entering partial summary judgment in Ross' and Tillinghast's favor that AAP's willfulness allegations are moot as they pertain to the February 2021 Works, as well as any other relief deemed just and necessary.

*Certificate of Service on Following Page*

# CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of Tillinghast Holdings, LLC's and Larry Ross' Motion for Partial Summary Judgment was electronically filed in and served via electronic mail through the CM/ECF Filer upon: Craig Anthony Wirth, Esq., SRipLaw 21301 Powerline Rd., Suite 100, Boca Raton, FL 33433, craig.wirth@sriplaw.com (*Counsel for Plaintiff*) on October 25, 2022.

                                              Respectfully submitted,

                                              *s/John R. Whittles*
                                              JOHN R. WHITTLES
                                              Florida Bar Number 0178802
                                              ELIZABETH F. OLDS
                                              Florida Bar Number 109942
                                              MATHISON WHITTLES, LLP
                                              5606 PGA Blvd., Suite 211
                                              Palm Beach Gardens, Florida 33418
                                              Tel.: (561) 624-2001
                                              Fax: (561) 624-0036
                                              (jwhittles@mathisonwhittles.com)
                                              (ablair@mathisonwhittles.com)
                                              *Attorneys for Defendants, Tillinghast and Ross*