UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-81777-AMC

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

vs.

SHOWROOM INTERIORS, LLC, ET. AL.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 78]

In its 12-count Amended Complaint, Plaintiff Affordable Aerial Photography, Inc. ("AAP") sues 11 defendants for copyright infringement, inducement of copyright infringement, and vicarious copyright infringement. Two defendants — Tillinghast Holdings LLC and Larry A. Ross ("the Tillinghast Defendants") — move for judgment on the pleadings on the basis that the claims against them fail to state claims upon which relief can be granted. ECF No. 78. AAP sues Tillinghast for vicarious copyright infringement (Count IV) and inducement of copyright infringement (Count XII); it sues Mr. Ross for copyright infringement (Count III) and inducement of copyright infringement (Count XII).

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b). *See Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). If the factual averments in the pleadings reveal a material dispute of fact, judgment on the pleadings cannot be entered. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12.

The moving party bears the burden of proving they are entitled to dismissal. *See Hawthorne*, 140 F.3d at 1370. Accordingly, well-pleaded allegations within the complaint are accepted as true and are construed in favor of the non-moving party. *See Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 529 F.3d 1237, 1255 (11th Cir. 2010)*; Miami Herald Pub. Co. v. Ferre*, 636 F. Supp. 970, 974 (S.D. Fla. 1985).

I. FACTS ALLEGED IN THE AMENDED COMPLAINT

Plaintiff's principal is a professional photographer. ¶2.[1] He was retained by a real estate broker to photograph a luxury home. ¶35. He took over 200 photographs ("the Works"). ¶31. Each photograph contained a marking stating "©AAP 2020 all rights reserved." ¶32. AAP granted the broker a limited license to use the Works for listing the home for sale on the Multiple Listing Service. ¶36. AAP registered most of the Works with the Copyright Office between September 29, 2020, and February 5,

---

[1] Unless otherwise noted, citations to "¶" refer to the numbered paragraphs of the Amended Complaint.

2

2021. Approximately 10 of the Works had been registered before September 2020. ¶31.

Tillinghast is the holding company for the builder of the home. ¶5. Mr. Ross is the manager of Tillinghast and the builder of the home. ¶7. AAP never gave Tillinghast or Mr. Ross a license to use the Works or permission to redistribute the Works. ¶¶37, 46. The real estate broker gave copies of the Works to Tillinghast and Ross. ¶¶38, 42.

On December 8, 2020, AAP discovered copies of its Works on the website of Showroom Interiors LLC d/b/a Vesta, which was the company contracted to stage the home. ¶¶3, 39. Thereafter, AAP found the Works being displayed on other websites. ¶39. Vesta provided AAP with a contract indicating that Ross, acting as Tillinghast's agent, had granted Vesta the right to use AAP's Works. ¶40. Ross had no legal authority to give this permission to Vesta. *Id*.

## II. ANSWER AND AFFIRMATIVE DEFENSES

The Tillinghast Defendants' Answer (ECF No. 77) denies the following relevant facts alleged in the Amended Complaint:

- The real estate broker was limited to displaying the Works only on the MLS. Answer, ¶4. They cite AAP's invoice to the broker as saying, "Photographs are one time use only, for the advertising and marketing of the property referenced in this invoice." *Id*.; Answer, ¶36.

- The Works contained copyright markings. Answer, ¶32.

- Tillinghast and Mr. Ross were never given legal permission to use the Works. Answer, ¶¶37, 46.

- The real estate broker gave the Works to Tillinghast and/or Mr. Ross. Answer, ¶¶38, 42.

- Tillinghast and Mr. Ross distributed the Works to others. Answer, ¶39.

- Mr. Ross, as agent of Tillinghast, gave a contract to Vesta to use the Works. Answer, ¶40.

- Mr. Ross and/or Tillinghast copied the Works without AAP's permission. Answer, ¶¶41, 43.

Mr. Ross and Tillinghast assert 10 affirmative defenses. ECF No. 77. As relevant here, they assert that the Amended Complaint fails to state a claim upon which relief can be granted for copyright infringement (fifth affirmative defense) or inducement of copyright infringement (sixth affirmative defense) and that 52 of the Works were not properly registered (seventh affirmative defense). *Id.* at 12-13.

### III.   DISCUSSION

*Failure to Register Works*

The Tillinghast Defendants allege that AAP cannot pursue copyright infringement claims based on 52 of the Works because the pleadings fail to show that these Works were properly registered with the Copyright Office. The Tillinghast Defendants argue that the names listed in the Registration Certificate appended to the Amended Complaint do not correspond to the names listed in Paragraph 31 for 52 of the Works.

AAP agrees that Paragraph 31 of the Amended Complaint incorrectly lists the names of the 52 Works because it omits "Cir" from the title of each photograph. For example, Paragraph 31 identifies these Works as "12251_Tillinghast_[number]" but the Certificate of Registration lists them as "12251 Tillinghast Cir_[number]." Paragraph 31 correctly references the Certificate of Registration (which is appended as Exhibit 2 to the Amended Complaint) and the registration date. ECF No. 76-2. "[W]here there is a 'conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed.R.Civ.P., the exhibit prevails.'" *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (J. Cohn) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir.1991)). Viewed in the light most favorable to AAP, the Amended Complaint plausibly alleges that the 52 Works were registered. Alternatively, at a minimum, there is a factual dispute that precludes judgment on the pleadings on this basis.

*Shotgun Pleading*

The Tillinghast Defendants allege that the Amended Complaint is a shotgun pleading such that Counts III, IV, and XII fail to give fair notice of the legal and factual claims against each Defendant. I need not resolve this issue because the remedy for a shotgun pleading is to order repleading, not to enter judgment on the merits. *Hand v. ABN AMRO Mortg. Group, Inc.*, No. CV 112-176, 2013 WL 6383128, at *6 (S.D. Ga. Dec. 5, 2013). The Tillinghast Defendants have not cited any authority

that the remedy for a shotgun pleading is for the Court to enter judgment on the pleadings after a defendant has answered.

*Failure to Allege a Plausible Claim for Copyright Infringement*

The Tillinghast Defendants allege that the Amended Complaint lacks sufficient factual allegations that Mr. Ross copied, displayed, distributed or made derivative use of the Works. Paragraph 43 alleges, "Defendants copied and distributed AAP's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services." Paragraph 46 alleges, "AAP never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case." These factual averments are entitled to the assumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). When viewed in the light most favorable to AAP, they are sufficient to allege a plausible claim of copyright infringement. Moreover, the Tillinghast Defendants have denied them, so there is a disputed issue of material fact that precludes judgment on the pleadings.

The Tillinghast Defendants next allege that the Amended Complaint lacks sufficient factual allegations that Tillinghast can be held vicariously liable for copyright infringement. The Amended Complaint alleges that Mr. Ross was the manager of Tillinghast. It further alleges, "Ross as the agent for Tillinghast conveyed [to Vesta] rights to use the Works, which he had no authority to do." ¶40. Here, too, viewed in the light most favorable to AAP, the Amended Complaint alleges a plausible claim that Tillinghast can be held vicariously liable for Mr. Ross' conduct.

6

And, the Tillinghast Defendants have denied the facts alleged in the Amended Complaint, so judgment on the pleadings is not warranted.

Finally, the Tillinghast Defendants allege that the Amended Complaint lacks sufficient factual allegations that Mr. Ross or Tillinghast took affirmative steps to induce third parties to display the Works. AAP responds that Paragraph 40 of the Amended Complaint alleges the fact that Ross, as an agent of Tillinghast, signed a contract with Vesta. The Tillinghast Defendants contest this fact. AAP argues that there is a proper inference that this contract was an affirmative step toward inducing Vesta to infringe AAP's copyright. Viewed in the light most favorable to AAP, the Amended Complaint plausibly alleges a factual claim for inducing copyright infringement. Once again, there are also disputed facts that preclude judgment on the pleadings.

*Leave to Amend*

AAP's Response indicates that, upon being notified of the error in Paragraph 31, it asked the Tillinghast Defendants to agree to the filing of a Second Amended Complaint but opposing counsel did not respond before AAP filed its Response. AAP appended a proposed Second Amended Complaint to its Response. ECF No. 81-9. In their Reply, Defendants' counsel said they had no objection to AAP filing a Second Amended Complaint, which they acknowledge "cures many of the defects highlighted in Defendants' Motion for Judgment on the Pleadings." ECF No. 83 at 3. I decline to address this issue. To the extent AAP is seeking leave to file a Second Amended Complaint, it has not followed the proper procedure. "Where a request for leave to file

7

an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999), *quoted in Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *see also* S.D. Fla. Local Rule 15.1.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court deny the Motion for Judgment on the Pleadings.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of October 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE