IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 9:21-cv-81777

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.

     Plaintiff,

v.

SHOWROOM INTERIORS, LLC, d/b/a
VESTA, et al.

     Defendants.
_____/

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS TO THEIR MOTION FOR FINAL SUMMARY JUDGMENT**

Defendants, Tillinghast Holdings, LLC ("Tillinghast") and Larry Ross ("Mr. Ross"), by and through undersigned counsel and pursuant to Local Rule No. 56.1, hereby file their Statement of Undisputed Material Facts to their Motion for Final Summary Judgment against Plaintiff, Affordable Aerial Photography, Inc. ("AAP"), and in support thereof, state as follows:

**STATEMENT OF UNDISPUTED FACTS**

*Pertinent Parties and Allegations and Works at Issue*

1.    Mr. Ross managed Tillinghast, which owned and renovated a house at 12251 Tillinghast Circle (the "Tillinghast Residence"). *See Exhibit "A,"* Larry Ross 12.15.22 Deposition Transcript ("Ross Trans."), 9:15-19, 12:4-9.

2.    Prior to placing the Tillinghast Residence on the market, Tillinghast hired several subcontractors to prepare it for sale, including Showroom Interiors, LLC d/b/a Vesta ("Vesta"), which did interior design/home staging services, performed by its employee, Jenny Longacre. AAP's First Amended Complaint [ECF No. 76], ¶ 3.

3. Tillinghast hired and paid Juan Pozuelo to oversee construction and the subcontractors for the Tillinghast Residence renovation. *See* Ross Trans., 16:14-17:20.

4. Leibowitz Realty Group ("LRG"), is a real estate brokerage firm hired by Tillinghast to sell the Tillinghast Residence. Ross Trans., 24:6-24.

5. LRG hired AAP, of which Mr. Stevens is the owner, to photograph the Tillinghast Residence so it could be marketed for sale via materials such as brochures, and on multiple listing services, including websites like Zillow.com, Trulia.com and Realtor.com ("MLS"). *See Exhibit "B,"* AAP Corporate Representative Robert Stevens 6.3.22 Deposition Transcript ("Stevens Trans".), 20:4-21:12; Second Amended Complaint ("SAC") [ECF No. 101], ¶ 2, 17.

6. As such, the original purpose of photographs taken by AAP of the Tillinghast Residence was to market and promote it so it could sell. Stevens Trans., 14:18-15:18.

7. AAP alleges that Vesta committed copyright infringement when they posted certain photos that AAP took of the Tillinghast Residence on its website and social media pages. SAC [ECF No. 101], ¶ 22, 27, 30.

8. According to AAP, all of the alleged infringement by Vesta at issue in this case is depicted in Exhibits 4 to the Second Amended Complaint ("Vesta Exhibit 4"). Id., ¶ 30.

9. AAP alleges that Mr. Ross and Tillinghast committed copyright infringement and inducement of copyright infringement when they distributed AAP's copyrighted photos of the Tillinghast Residence to Vesta. Id., ¶ 31, 56, 57.

10. Paragraph 13 of the Second Amended Complaint has a table with "the Copyright Titles, Registration Numbers and Registration Issue dates" for the works at issue, which consists of 245 of AAP's copyrighted photos (the "Works") (the "Paragraph 13 Table"). Id., ¶ 13.

11. The first 236 Works on the Paragraph 13 Table show the Tillinghast Residence interior and exterior. Id.; SAC Exhibit 1A [ECF No. 101-1]; SAC Exhibit 1B [ECF No. 101-2].

12. 42 AAP copyrighted photos are in Vesta Exhibit 4. SAC [ECF No. 101], ¶ 30; SAC Exhibit 4 [ECF No. 101-6].

13. Of the 42 AAP photos in Vesta Exhibit 4, only nine are Works listed in the Paragraph 13 Table: 12251 Tillinghast Cir_009, 012, 015, 017, 021, 026, 030, 034, 049, all with CCR no. VA 2-222-311. SAC [ECF No. 101] ¶ 13; Exhibit 1A to SAC [ECF No. 101-1], pgs. 2-12; Exhibit 4 to SAC [ECF No. 101-6], pgs. 14, 17, 18, 71, 75, 88, 92, 94, 98, 109, 110, 113, 117.

14. Vesta's display of the nine Works in Vesta Exhibit 4 includes AAP's copyright protection language in the lower left corner of each photo. Exhibit 4 to SAC [ECF No. 101-6], pgs. 14, 17, 18, 71, 75, 88, 92, 94, 98, 109, 110, 113, 117.

15. All of the Works were published at least as of the date the MLS listing was published, which was in June 2020. *See* Exhibit "C," Affidavit of Larry Ross ("Ross Affidavit"), ¶ 3; Stevens Trans., 141:1-9.

16. Neither Mr. Ross nor Tillinghast made any derivatives of the Works. *See Exhibit "D,"* AAP's Answers to Defendants' 1st Set of Interrogatories ("AAP Rogg Ans.") nos. 13, 14.

### *Pertinent Email Communications by LRG*

17. On July 22, 2020, Andrew Leibowitz of LRG emailed Ms. Longacre: "Hi Jenny, the first link is the photo's [sic] of the house staged the second link is the house vacant but has the exteriors. Thought you might need some exteriors front and back. Let me know if you need anything else." 7.22.20 LRG to Longacre email [ECF No. 81-8], pgs. 2-3.

18. LRG's email to Ms. Longacre included two Dropbox.com hyperlinks, DB Link 1[1] and DB Link 2[2]. Id, pg. 2.

19. DB Link 1 leads to a webpage with 77 AAP photos, all with Copyright Certificate of Registration ("CCR") no. VA 2-222-311, and all of which include AAP's copyright protection language, in white font, in the lower left corner. Id.; AAP Rogg Ans., no. 2.

20. All 42 AAP copyrighted photos in Vesta Exhibit 4 are accessible via DB Link 1. 7.22.20 LRG to Longacre email [ECF No. 81-8], pg. 2; SAC Exhibit 3 [ECF No. 101-5], pgs. 3-18; SAC Exhibit 4 [ECF No. 101-6].

21. Neither Mr. Ross nor Tillinghast ever sent DB Links 1 or 2 to Ms. Longacre, or anyone at Vesta. *See Exhibit "E,"* Affidavit of Tillinghast Corporate Representative ("Tillinghast Affidavit"), ¶3; Ross Affidavit, ¶ 5.

22. Neither Ms. Longacre nor Vesta provided Mr. Ross or Tillinghast with any compensation, consideration, profit, payment, benefit, or remuneration for DB Links 1 and 2 sent to her by LRG, nor did Mr. Ross or Tillinghast receive any such compensation, profit or financial benefit from any source for same. *See* Tillinghast Affidavit, ¶ 4; Ross Affidavit, ¶ 6.

***Pertinent Email Communications by Larry Ross***

23. After LRG sent Ms. Longacre DB Links 1 and 2, Mr. Ross emailed her on July 29, 2020: "We will be swapping some of these for similar shots in the MLS .." and included nothing additional other than a Dropbox.com hyperlink, DB Link 3.[3] SAC Exhibit 11 [ECF No. 101-13], pg. 4.

---

[1] https://www.dropbox.com/sh/ci5cjd4k9rx0gsb/AAAHfFPM3c3w_0Q-9-3naZpKa?dl=0 ("DB Link 1")
[2] https://www.dropbox.com/sh/szf3db84mmtdfo5/AACbkeYbdEkiBMMu0zShFOBla  ("DB Link 2")
[3] https://www.dropbox.com/sh/hkega0ucta2w3mt/AAD7YQ3qM_jNWzMR4LiErAKwa?dl=0 ("DB Link 3").

24. DB Link 3 leads to a webpage with 22 of AAP's photos: 12251 Tillinghast Cir_111-132, all with CCR no. VA 2-222-311. AAP's Rogg Ans., no. 4; SAC Exhibit 1A [ECF No. 101-1], pgs. 13-23.

25. None of the 22 AAP photos to which DB Link 3 leads are in Vesta Exhibit 4. AAP's Rogg Ans., no. 4; SAC Exhibit 1A [D.E. 101-1], pgs. 13-23; SAC Exhibit 4 [D.E. 101-6].

26. Neither Ross nor Tillinghast uploaded the AAP photos to the Dropbox.com webpages to which DB Links 1, 2 or 3 lead. Ross Affidavit, ¶ 8; Tillinghast Affidavit, ¶ 5.

27. Neither Ross nor Tillinghast has ever had the ability to control or modify the Dropbox.com webpages to which DB Links 1, 2 or 3 lead. Ross Affidavit, 9; Tillinghast Affidavit, ¶ 6.

28. Neither Mr. Ross nor Tillinghast owns or controls the server that hosts the webpages to which DB Links 1, 2 or 3 lead, nor have they ever. Ross Affidavit, 10; Tillinghast, 7.

29. Mr. Ross sent a second email to Ms. Longacre later the afternoon of July 29, 2020 that contained nothing other than a hyperlink to a video tour of the Tillinghast Residence, the Vimeo Link.[4] SAC Exhibit 11 [ECF No. 101-13]., pg. 2-3.

30. The video tour to which the Vimeo Link leads includes 29 AAP copyrighted photos: 12251 Tillinghast Cir_002, 010, 014, 017, 022a, 96, Edit5_145, Edit5_159, all with CCR No. VA 2-247-343; and Tillinghast Cir_009, 012, 015, 017, 018, 030, 049, 051, 053, 057, 111, 112, 115-119, 121, 122, 125, 130, all with CCR No. VA 2-222-311. Id., pg. 3; SAC [ECF No. 101], ¶ 13; SAC Exhibit 1A [ECF No. 101-1], pgs. 2-8, 10, 13, 15, 17, 18, 20; SAC Exhibit 1B [ECF No. 101-2], pgs. 2, 7, 9, 11, 15, 99, 106.

---

[4] https://vimeo.com/rspfl/review/431646621/1153077a9d (the "Vimeo Link")

31. Of the 29 AAP photos depicted in the video to which the Vimeo Link leads, only six of the photos are Works that were also depicted in Vesta Exhibit 4: 12251 Tillinghast Cir_009, 012, 015, 017, 030, and 049, all with CCR no. VA 2-222-311.  AAP's Rogg Ans., no. 4; SAC Exhibit 1A [ECF No. 101-1], pgs. 13-23; SAC Exhibit 4 [ECF No. 101-6], pgs. 19, 71, 87, 89, 99, 110, 114, 118; SAC Exhibit 11 [ECF No. 101-13], Pg. 3.

32. Despite six of the 29 AAP photos depicted in the Vimeo video also appearing in Vesta Exhibit 4, unlike the depictions of photos in Vesta Exhibit 4 and the photos to which DB Link 1 leads, <u>none</u> of the 29 AAP photos depicted in the video to which the Vimeo Link leads include any of AAP's copyright protection language in their lower left corners, such that if one were to screenshot an image from the video, no copyright protection language would appear in the lower left corner.  SAC Exhibit 4 [ECF No. 101-6]; Exhibit 11 [ECF No. 101-13]., pg. 3; 7.22.20 LRG to Longacre email [ECF No. 81-8], pg. 2.

33. The Vimeo Link was published on MLS since at least June 24, 2020.  *See Exhibit "F,"* LRG Request for Production Response Documents, LEIBOWITZ 000056-57.

34. Neither Mr. Ross nor Tillinghast created or uploaded the video tour to which the Vimeo Link leads to Vimeo's website.  Ross Affidavit, ¶ 11; Tillinghast Affidavit, ¶ 8.

35. Neither Mr. Ross nor Tillinghast has, nor have they ever had, the ability to control or modify the Vimeo.com webpage to which the Vimeo Link leads.  Ross Affidavit., ¶ 12; Tillinghast Affidavit, ¶ 9.

36. Neither Mr. Ross nor Tillinghast owns or controls the server that hosts the webpage to which the Vimeo Link leads, nor have they ever.  Ross Affidavit, 13; Tillinghast Affidavit, 10.

37. Ms. Longacre did not request any of AAP's photos, DB Link 3 or the Vimeo Link from Mr. Ross.  Ross Affidavit, ¶ 14.

38. Neither Ms. Longacre nor Vesta provided Mr. Ross or Tillinghast with any compensation, consideration, payment, benefit, or remuneration for DB Link 3 or the Vimeo Link. Ross Affidavit, 24.  *See also* Tillinghast Affidavit, ¶ 15.

39. Mr. Ross' sole purpose in sending Ms. Longacre DB Link 3 and the Vimeo Link was to show her how Vesta's interior design work was going to be depicted on MLS, for her review and comment.  Ross Affidavit, ¶ 17.

40. Neither Mr. Ross nor Tillinghast ever advertised, recommended, encouraged, demonstrated or promoted to Vesta how DB Links 2, 3 or the Vimeo Link could be used to infringe AAP's Works.  Ross Affidavit, ¶ 16; Tillinghast Affidavit, ¶ 13.

### *Pertinent testimony from AAP's Corporate Representative, Robert Stevens*

41. Mr. Stevens did not ask LRG where the Works would be published; he assumed "they're going to go on all the home search engine sites; Realtor.com, the Zillows, the Trulias of the world," and at that point they are available to "millions of people." Stevens Trans., 21:4-15.

42. When photographing a home for sales marketing purposes, Mr. Stevens takes photographs of a particular room or area from multiple angles for efficiency purposes and to minimalize client complaints about thoroughness, not due to any creative purpose. Stevens Trans., 12:21-13:16 ("[I]f I'm shooting a dining room, I'm not just going to give them one angle.  I'm going to look at the whole dining room and probably shoot it from each corner of the room, because I can. That way it kind of eliminates, whoa, Robert, why did you shoot it from the northeast looking out towards the loggia. I learned a long time ago, just cover your bases and shoot it all, especially on the important, expensive homes."). *See also* id., at 13:17-14:17.

43. Mr. Stevens testified about the unmarketability of the works, due to his concerns regarding homeowner/client privacy.  Stevens Trans., 22:10-24:18, 25:25-26:18.

44. AAP alleges, "As part of the consideration for the Vesta contract, Tillinghast conveyed the rights to use all photos taken of the property. This valuable consideration impacted the negotiated monetary cost of the staging contract." AAP Rogg Ans., no. 10.

45. AAP also alleges, "Tillinghast profited by using the photos as consideration in their staging contract with Vesta. Had the photos not been included, the cost for the staging that Tillinghast would have paid would be higher. That is, Tillinghast profited by not paying licensing fees to AAP to distribute the works." AAP Rogg Ans., no. 11.

46. When AAP had an opportunity to discuss the issues in paragraphs 64 and 65, *supra*, with Mr. Ross during his deposition, it did not do so. Ross Trans., 36:5-37:1.

47. Rights to AAP's photos or the Works did not serve as consideration, nor was it used as consideration, for Tillinghast's contract with Vesta. Tillinghast Affidavit, ¶ 14.

48. Rights to AAP's photos or the Works did not impact the negotiated monetary cost of Tillinghast's contract with Vesta. Id., ¶ 15.

49. Tillinghast did not use the photos as consideration for its Vesta staging contract and thus did not profit or receive any monetary gain for such conduct. Id., ¶ 16.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of Tillinghast Holdings, LLC's and Larry Ross' Statement of Undisputed Facts to their Motion for Final Summary Judgment was electronically filed in and served via electronic mail through the CM/ECF Filer upon: Craig Anthony Wirth, Esq., SRipLaw 21301 Powerline Rd., Suite 100, Boca Raton, FL 33433, craig.wirth@sriplaw.com (*Counsel for Plaintiff*) on February 9, 2023.

Respectfully submitted,

*s/John R. Whittles*
JOHN R. WHITTLES

    Florida Bar Number 0178802
    ELIZABETH F. OLDS
    Florida Bar Number 109942
    MATHISON WHITTLES, LLP
    5606 PGA Blvd., Suite 211
    Palm Beach Gardens, Florida 33418
    Tel.: (561) 624-2001
    Fax: (561) 624-0036
    (jwhittles@mathisonwhittles.com)
    (ablair@mathisonwhittles.com)
    *Attorneys for Defendants, Tillinghast and Ross*